FILED

Pastor Isabel Vela
4908 NORTH HOLT AVE
UNIT 101
FRESNO, CALIFORNIA 93705

FEB 13 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PASTOR ISABEL VELA,

    Plaintiff

v.

COUNTY OF TULARE, TULARE COUNTY
CHILD WELFARE SERVICES;
TULARE COUNTY COUNSEL;
DOE SOCIAL WORKERS 1-2;
DOE SOCIAL WORKER MANAGER 1;
DOE CPS SUPERVISORS 1-3**,

    Defendants.

Case No.: 1:26-CV-01279-SAB

COMPLAINT FOR VIOLATION OF
CIVIL RIGHTS
(42 U.S.C 1983)

DATE:_____
TIME:_____
DEPT:_____

I. JURISDICTION AND VENUE

This action arises under the Fourth and Fourteenth Amendments to
the United States Constitution and 42 U.S.C. § 1983.

- 1

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

Venue is proper under 28 U.S.C. § 1391(b).

II. PARTIES

Plaintiff Pastor Isabel Vela is a California resident, church leader, and lawful caregiver of the minor children since October 2025.

Defendant County of Tulare is a municipal entity responsible for policies, practices, training, and supervision of Child Welfare Services.

Defendant Tulare County Child Welfare Services ("CWS") is the agency responsible for removal, detention, and dependency referral decisions.

Defendant Tulare County Counsel is responsible for filing dependency petitions and ensuring statutory compliance with detention hearing timelines.

- 2

DOE SOCIAL WORKERS 1-2 were on-scene caseworkers who participated in and directed removal.

DOE SOCIAL WORKER MANAGER 1 supervised the case and confirmed no petition had been filed.

DOE CPS SUPERVISORS 1-3 authorized, ratified, or failed to prevent unconstitutional detention.

Each Defendant acted under color of state law.

III. FACTUAL BACKGROUND

A. Lawful Caregiver Placement

In October 2025, the mother voluntarily placed five minor children into Plaintiff's care through signed caregiving documents.

From October 2025 to February 6, 2026, the children were:

Safe and housed

Well-fed

- 3 -

Enrolled in school

Receiving counseling

Participating in structured church programming

Living together in a unified family environment

The children participated in nightly prayer, education, counseling, and structured stability designed for trauma recovery.

B. February 6, 2026 Removal

On February 6, 2026, CWS caused removal of the children from Plaintiff's home in Fresno County.

Removal relied on approximately four-month-old warrants.

Officers on scene confirmed no emergency or imminent danger existed.

CWS had actual knowledge the children were safe in Plaintiff's care.

- 4

The State therefore lacked a compelling safety interest.

C. Sibling Separation

After removal, Defendants separated the five children into four different homes.

The children had never previously been separated from one another.

They were placed with strangers.

The separation caused severe emotional distress and psychological harm.

D. Failure to File Petition and Provide Prompt Hearing

California Welfare & Institutions Code §§ 313, 315, and 319 require prompt filing of a petition and a detention hearing within 72 hours.

On February 9, 2026, Plaintiff personally served CWS and County Counsel with a Notice of Unlawful Removal giving 72 hours to cure.

- 5

The Social Worker Manager confirmed:

No petition had been filed.

No detention hearing was scheduled.

The supervisor stated:

"The 72-hour window does not begin until we file the petition."

Plaintiff later learned a hearing was scheduled for April 2026 in Porterville.

The children were detained without prompt judicial review.

E. Harm to Children

Removal disrupted established trauma-recovery structure.

Children suffered separation anxiety and psychological distress. Children missed important developmental milestones including a scheduled February 10-12 class trip and February 14 community celebration.

- 6

Continued detention causes ongoing irreparable harm.

IV. DEFENDANT LIABILITY AND CONDUCT

CWS and Social Workers

Caused removal without exigency.

Relied on stale warrants.

Failed to file petition.

Failed to provide hearing.

Social Worker Manager

Confirmed no petition filed.

Maintained detention.

Ratified unlawful delay.

County Counsel

- 7

Failed to initiate dependency petition.

Allowed detention without judicial review.

CPS Supervisors

Authorized continued detention.

Approved unconstitutional practices.

County of Tulare

Maintained policies permitting delay of petitions and hearings.

V. COUNT I

FOURTH AMENDMENT — UNREASONABLE SEIZURE

(Against Social Workers and Supervisors)

The Fourth Amendment protects against unreasonable seizure of persons including children.

Government officials may not remove children absent exigency or valid court order supported by current facts.

- 8

Wallis v. Spencer, 202 F.3d 1126 (9th Cir. 2000).

Mabe v. San Bernardino County, 237 F.3d 1101 (9th Cir. 2001).

Probable cause becomes stale when circumstances materially change.

United States v. Lacy, 119 F.3d 742 (9th Cir. 1997).

Conduct:

Removal without danger

Reliance on stale warrants

Removal from safe placement

Harm:

Unlawful seizure

Trauma

Loss of caregiver custody

VI. COUNT II

- 9

FOURTEENTH AMENDMENT — PROCEDURAL DUE PROCESS

(Against CWS, County Counsel, Manager, Supervisors)

Due process requires prompt judicial review following seizure. Gerstein v. Pugh, 420 U.S. 103 (1975).

County of Riverside v. McLaughlin, 500 U.S. 44 (1991).

Custodial interests in children require heightened protection. Santosky v. Kramer, 455 U.S. 745 (1982).

Conduct:

Failure to file petition

Failure to hold 72-hour hearing

Manipulation of statutory timeline

Continued detention

Harm:

Loss of liberty

Lack of court review

Extended detention

VII. COUNT III

FAMILY INTEGRITY AND SIBLING ASSOCIATION

(Against All Defendants)

The Constitution protects family and sibling association.

Troxel v. Granville, 530 U.S. 57 (2000).

Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001).

Wallis v. Spencer, supra.

Conduct:

Separation of siblings

Placement with strangers

No safety justification

Harm:

- 11 -

Emotional trauma

Psychological distress

Loss of family unity

## VIII. COUNT IV

FREE EXERCISE AND ECCLESIASTICAL INTERFERENCE

(Against All Defendants)

Government action burdening religious practice must satisfy strict scrutiny.

Church of Lukumi Babalu Aye v. City of Hialeah, 508 U.S. 520 (1993).

Hosanna-Tabor Evangelical Lutheran Church v. EEOC, 565 U.S. 171 (2012).

Conduct:

Removal from church program

Interference with religious care

- 12

No compelling interest

Harm:

Disruption of religious practice

Loss of spiritual stability

IX. COUNT V

MUNICIPAL LIABILITY (MONELL)

(Against County of Tulare)

Municipal liability exists where policy or custom causes constitutional violations.

Monell v. Department of Social Services, 436 U.S. 658 (1978).

Policy Evidence:

Delay of petition filing

Avoidance of hearing timelines

Supervisor admission

- 13

Harm:

Systemic constitutional violations

X. RELIEF REQUESTED

Plaintiff requests:

A. Declaratory judgment that Defendants violated constitutional rights;

B. Immediate return of children or emergency hearing;

C. Reunification of siblings;

D. Injunction against continued detention;

E. Compensatory damages;

F. Punitive damages;

G. Attorney fees under 42 U.S.C. § 1988;

H. Any further relief the Court deems proper.

XI. JURY DEMAND

Plaintiff demands trial by jury.

DATED: 2-13-26

Pastor Isabel Vela

- 14

Plaintiff, Pro Se

Plaintiff, Pro Se