**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PASTOR ISABEL VELA, | Case No. 1:26-cv-01279 JLT SAB |
| Plaintiff, | ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER |
| v. | (Doc. 3.) |
| COUNTY OF TULARE, et al., | ORDER TO SHOW CAUSE RE DISMISSAL |
| Defendants. | ***Deadline:  March 6, 2026*** |

## I.    INTRODUCTION

Pastor Isabel Vela, proceeding pro se, brings this suit against the County of Tulare, Tulare County Child Welfare Services, and others, alleging that five children who were apparently entrusted to her care in October 2025 were removed from her custody by Defendants on February 6, 2026. (Doc. 1.) The Complaint alleges: (1) a Fourth Amendment claim for "unreasonable seizure of persons" (*id*. at 8); (2) a Fourteenth Amendment procedural due process claim that appears to relate to a state court or state administrative procedure (*id*. at 9–10); (3) a claim entitled "Family Integrity and Sibling Association" (*id*. at 11–12); (4) a "Free Exercise and Ecclesiastical Interference" claim that appears to invoke the First Amendment (*id*. at 12–13); and (5) a claim for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (*Id*. at 13–14). The Complaint requests a declaratory judgment that Defendants "violated constitutional rights," immediate return of the children or an emergency hearing, an injunction

1

against continued detention, damages, and attorney's fees. (*Id*. at 14.)

On February 13, 2026, Plaintiff filed a motion for a temporary restraining order, demanding that the children be immediately returned to Plaintiff's care and that the siblings be immediately reunified. (Doc. 3 at 14.) Alternatively, if detention continues, the motion demands a hearing within 72 hours and an injunction against further detention. (*Id*.)

For the reasons set forth below, the Court **DENIES** the request for a TRO because the Court must abstain from exercising jurisdiction over this case. Therefore, Plaintiff is not likely to succeed on the merits. For the same reason, the Court will **ORDER** Plaintiff to **SHOW CAUSE** in writing why the case should not be dismissed.

## II.   STANDARD OF DECISION

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *R.F. by Frankel v. Delano Union Sch. Dist.*, 224 F. Supp. 3d 979, 987 (E.D. Cal. 2016). Injunctive relief is an "extraordinary remedy, never awarded as of right." *Winter v. Nat'l Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008). As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest. *Id*. Local Rule 231 governs the filing of requests for TROs in this District.

## III.   ANALYSIS

In essence, Plaintiff asks this Court to intervene in an ongoing dispute she is having with the County of Tulare over the placement of the five children. It is well-established that "the whole subject of the domestic relations of ... parent and child, belongs to the laws of the States, and not to the laws of the United States." *Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 383 (1930) (citation omitted). As a result, the Ninth Circuit has determined federal courts "should not adjudicate cases involving domestic relations, including 'the custody of minors and a fortiori, rights of visitation.'" *Peterson v. Babbit*, 708 F.2d 465, 466 (9th Cir. 1983) (quoting *Hernstadt v. Hernstadt*, 373 F.2d 316, 217 (2d Cir. 1967) ). Thus, matters regarding "the proper care, custody

and control of juveniles ... have traditionally been left to the states." *Id*. Under the doctrine of equitable abstention, "federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child," even when the plaintiff raises a constitutional claim. *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987).

Moreover, in general, federal courts are required to abstain from interfering in ongoing state matters. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Although *Younger* dealt with a criminal prosecution, the Supreme Court has extended the abstention principles to civil actions. *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 432 (1982); *see also Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 882 (9th Cir. 2011). The *Younger* abstention doctrine applies if four conditions are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). First, the Complaint indicates that a state court proceeding is ongoing. (*See* Doc. 1 at 6 ("Plaintiff later learned a hearing was scheduled for April 2026 in Porterville."); *see also* Doc. 1 at 4 ("Removal relied on approximately four-month-old warrant.").) Second, as discussed above, the custody and conservatorship proceedings implicate important state interests. *See Peterson*, 708 F.2d at 466; *Hernstadt*, 373 F.2d at 217. Third, there is no showing Plaintiff cannot raise her constitutional concerns in the state court proceeding. Finally, Plaintiff's complaint seeks to insert the federal court into the ordinary course of state proceedings which, if permitted, would threaten the autonomy of the state court. Thus, the Court finds Plaintiff's claims are barred by the *Younger* abstention doctrine.

For all these reasons, the Court finds that Plaintiff is unlikely to succeed on the merits of any of her claims. Thus, the TRO request is **DENIED**.

///

///

3

### IV.   CONCLUSION AND ORDER TO SHOW CAUSE

For the reasons set forth above, the Court ORDERS:

1.   The request for a temporary restraining order (Doc. 3) is DENIED.

2.   In light of the above conclusion, Plaintiff is **ORDERED TO SHOW CAUSE** in writing on or before **March 6, 2026,** why the Court should not dismiss this action under the doctrine of equitable abstention and/or the *Younger* abstention doctrine.

IT IS SO ORDERED.

Dated:   **February 14, 2026**

UNITED STATES DISTRICT JUDGE

4