Pastor Isabel Vela

4908 North ~~Exxxx~~ ~~xxxxxx~~ Holt Ave

#101

Fresno, CA 93705

**FILED**

MAR 04 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PASTOR ISABEL VELA,

PLAINTIFF

v.

COUNTY OF TULARE, et al.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:26-cv-1279 JLT-SAB

**PLAINTIFF'S RESPONSE TO ORDER**

**TO SHOW CAUSE**

**INTRODUCTION**

Plaintiff responds to the Court's Order to Show Cause regarding abstention under **Younger v. Harris,** 401 U.S. 37 (1971).

Federal jurisdiction is proper because:

1. State actors removed minor children without constitutionally adequate process.

- 1 -

2. Plaintiff received no notice of a February 10 hearing despite serving as caregiver and guardian.

3. State officials misrepresented the existence of proceedings.

4. State court habeas relief was ignored.

5. Extraordinary and ongoing constitutional violations exist.

6. Defendants acted in bad faith.

This action seeks protection of federal constitutional rights, not federal review of state custody decisions.

Federal courts have a duty to intervene where state procedures fail to protect constitutional rights.

(**Mitchum v. Foster,** 407 U.S. 225 (1972)).

## II. FEDERAL COURTS MUST PROTECT CONSTITUTIONAL RIGHTS

42 U.S.C. §1983 expressly authorizes federal courts to protect individuals against unconstitutional state action. .

The Supreme Court confirms:

- Federal courts may enjoin unconstitutional state conduct. (**Mitchum v. Foster,** 407 U.S. 225 (1972)).

- Family integrity is a fundamental liberty interest. (**Santosky v. Kramer,** 455 U.S. 745 (1982)).

- Removal of children without due process violates the Fourteenth Amendment. (**Wallis v. Spencer,** 202 F.3d 1126 (9th Cir. 2000)).

## III. STATE PROCESS HAS FAILED

- 2 -

**A. No Notice of February 10 Hearing**

Plaintiff was:

- primary caregiver,

- known custodian,

- served removal documents,

- actively communicating with CPS,

yet was never notified of a February 10 hearing.

Failure to provide notice violates:

- **Mullane v. Central Hanover Bank,** 339 U.S. 306 (1950) — notice required.

- **Mathews v. Eldridge,** 424 U.S. 319 (1976) — meaningful opportunity to be heard.

A proceeding conducted without notice is constitutionally defective.

**B. CPS Misrepresented Court Status**

CPS management stated:

- no petition filed,

- no 72-hour hearing triggered.

Plaintiff later discovered a hearing occurred.

Misrepresentation by state actors constitutes bad faith and bars Younger abstention.

(**Kugler v. Helfant,** 421 U.S. 117 (1975)).

**C. State Habeas Petition Ignored**

Plaintiff filed a state habeas petition seeking relief.

No hearing was scheduled.

Younger abstention does not apply where the state forum is inadequate.

(**Gerstein v. Pugh,** 420 U.S. 103 (1975)).

**D. Ongoing Irreparable Harm to Children**

The minors:

- were separated from siblings,

- removed from stable care,

- suffer emotional distress.

Irreparable constitutional injury warrants federal intervention.

(**Elrod v. Burns,** 427 U.S. 347 (1976)).

**IV. EXCEPTIONS TO YOUNGER APPLY**

Younger does not apply when:

**1. Bad Faith — Kugler v. Helfant**

**2. Extraordinary Circumstances — Moore v. Sims, 442 U.S. 415**

**3. No Adequate State Forum — Gerstein v. Pugh**

All exist here.

**RELIEF REQUESTED**

Plaintiff requests:

1. Court retain jurisdiction.

2. Order evidentiary hearing.

3. Order constitutional review of child removal.

4. Grant injunctive relief.

- 4



Pastor Isabel Vela

"I affirm under penalty of perjury the foregoing be true and correct."

WHY YOUNGER DOES NOT APPLY

===========================

MEMORANDUM OF LAW

A. Younger Requires Adequate State Forum

Younger abstention requires:

1.   ongoing state proceeding

2.   important state interest

3.   adequate opportunity to raise federal issues

(Middlesex County Ethics Comm. v. Garden State Bar, 457 U.S. 423).

The third element fails here.

B. Lack of Notice Makes State Forum Inadequate

No notice → no opportunity to be heard.

Due process requires notice reasonably calculated to inform affected parties. (Mullane, 339 U.S. 306).

C. Bad Faith Exception

Younger does not protect proceedings initiated or maintained in bad faith. (Kugler v. Helfant, 421 U.S. 117).

Misrepresentation of court status constitutes bad faith.

D. Federal Intervention in Child Removal Cases

Federal courts intervene when children are removed without due process.

- Wallis v. Spencer, 202 F.3d 1126

- Rogers v. County of San Joaquin, 487 F.3d 1288

- Tenenbaum v. Williams, 193 F.3d 581

E. State Failure to Provide Habeas Review

Failure to provide timely judicial review violates due process. (Gerstein v. Pugh, 420 U.S. 103).

- 7

LACK OF NOTICE OF FEBRUARY 10 HEARING

=========================================

MOTION TO DECLARE STATE PROCEEDINGS CONSTITUTIONALLY DEFECTIVE

Plaintiff moves the Court to find state proceedings defective because:

1. Plaintiff was legal caregiver.

2. Plaintiff received no notice of Feb 10 hearing.

3. CPS knew children were in Plaintiff's care.

4. CPS misrepresented that no petition existed.

Proceedings conducted without notice violate due process. (Peralta v. Heights Medical Center, 485 U.S. 80).

Plaintiff requests federal review.

DUE PROCESS VIOLATION ARGUMENT PACKAGE

FOURTEENTH AMENDMENT VIOLATIONS

1. Family Integrity

Parents and caregivers have liberty interest in family relationships.

- 8

(Santosky v. Kramer, 455 U.S. 745).

### 2. Removal Without Due Process

Children may not be removed absent emergency danger.
(Wallis v. Spencer, 202 F.3d 1126).

### 3. Failure to Provide Hearing

Prompt judicial review required.
(Jordan v. Jackson, 15 F.3d 333).

### 4. Separation of Siblings

Unjustified separation violates familial association rights.
(Smith v. City of Fontana, 818 F.2d 1411).

FEDERAL DECLARATION — CPS MISREPRESENTATION

===========================================

DECLARATION OF PASTOR ISABEL VELA

I declare:

1.  I was caregiver for the minors.

2.  CPS removed the children Feb 6, 2026.

3.  CPS manager told me Feb 9 no petition had been filed.

4.  I later discovered a Feb 10 hearing occurred.

5.  I received no notice.

6.  I filed habeas relief which was ignored.

7.  The children are suffering emotional harm.

I declare under penalty of perjury this is true.

_____

Signature

Date 3-4-26

**Pastor Isabel Vela**

_____

_____

SUPERIOR COURT OR CALIFORNIA

COUNTY OF ~~STANISLAUS~~ Tulare

In the Matter of the Adoption of :

Elijah Bermudez

Lilyana Bermudez

Axekial Bermudez

Aliyana Bermudez

Aleyah Bermudez

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:_____

NOTICE OF UNLAWFRUL REMOVAL

DATE:_____
TIME:_____
DEPT:_____

STALENESS OF WARRANTS,

DENIAL OF CAREGIVER DUE PROCESS,

AND DEMAND FOR IMMEDIATE RETURN OR EMERGENCY HEARING

(72-HOUR CURE DEADLINE)**

TO: Child Protective Services

(Tulare County CPS and Fresno County CPS)

- 1

AND TO: County Counsel

FROM: Pastor Isabel Vela

Known Caregiver / Church Program Director

DATE: _____

I. PURPOSE OF THIS NOTICE

This Notice is served to place Child Protective Services ("CPS") on formal notice that the removal and continued detention of the minor children from the undersigned's care was unlawful, unsupported by exigent circumstances, based on stale warrants whose underlying facts had materially changed, and accomplished through the denial of caregiver due process, including the intentional withholding of court and hearing information.

This Notice demands immediate cure, meaning return of the minors or, alternatively, an emergency hearing before the proper court with notice and opportunity to be heard, within seventy-two (72) hours of service.

- 2

II. CPS HAD ACTUAL NOTICE THAT THE CHILDREN WERE SAFE AND IN CHURCH CARE

1.   The children were willfully placed into the care of the undersigned and the church's program by their mother in October 2025, pursuant to signed caregiving / guardianship / delegation documents.

2.   At the time of the February 2026 removal:

-   The children were not with the mother;

-   The children were in a church program, under church leadership;

-   The children were well-fed, housed, enrolled full-time in school, and receiving ecclesiastical counseling.

3.   A CPS worker confirmed on video that the mother disclosed to CPS that the children were in the undersigned's care and custody.

- 3

4.  Law enforcement officers on site affirmatively stated that there were no emergency circumstances and no immediate danger observed to any child.

Once CPS had actual knowledge that the children were in known, stable, safe placement, any claim of exigent circumstances terminated as a matter of law.

Controlling Authority:

-    Wallis v. Spencer, 202 F.3d 1126 (9th Cir. 2000) — removal of children absent imminent danger or valid court order violates the Fourth Amendment.

-    Mabe v. San Bernardino County, 237 F.3d 1101 (9th Cir. 2001).

III. STALE WARRANTS COULD NOT LAWFULLY JUSTIFY REMOVAL

The warrants relied upon by CPS were issued approximately four months earlier and were based on circumstances that no longer existed at the time of execution.

Specifically:

- 4 -

- The children were no longer with the mother;

- The children were no longer in the same county;

- The conditions cited in the warrants had been remedied and replaced by stable church care;

- No new allegations or emergencies existed.

Probable cause must be current, and warrants become stale when the underlying facts materially change.

Controlling Authority:

- United States v. Lacy, 119 F.3d 742 (9th Cir. 1997) — staleness defeats probable cause.

- Welsh v. Wisconsin, 466 U.S. 740 (1984) — exigency cannot be manufactured from convenience or delay.

- Wallis v. Spencer, supra.

- 5

CPS may not resurrect stale warrants to bypass updated judicial review or to justify force where danger no longer exists.

IV. CPS UNLAWFULLY DISREGARDED VALID CAREGIVER / ECCLESIASTICAL DOCUMENTS

CPS was presented with signed documents executed by the mother placing the children into the church program and under the care of the undersigned since October 2025.

CPS ignored these documents and improperly rejected them on the basis that they were "not notarized."

Notarization is not required to:

- Establish temporary caregiving authority;

- Trigger caregiver due-process protections;

- Require notice and disclosure in dependency proceedings.

Controlling Authority:

- 6

- Ram v. Rubin, 118 F.3d 1306 (9th Cir. 1997) — notice and opportunity to be heard are fundamental.

- Santosky v. Kramer, 455 U.S. 745 (1982) — heightened due process applies in child custody matters.

Additionally, the children were under ecclesiastical care, implicating the First Amendment church-autonomy doctrine, which prohibits government interference in internal church governance absent a compelling interest and lawful process.

Controlling Authority:

- Hosanna-Tabor Evangelical Lutheran Church v. EEOC, 565 U.S. 171 (2012).

- Church of Lukumi Babalu Aye v. City of Hialeah, 508 U.S. 520 (1993).

V. CPS INTENTIONALLY WITHHELD COURT AND HEARING INFORMATION

Despite knowing:

- the children were removed from a known caregiver,

- 7 -

- the undersigned sought to assert caregiver rights,

CPS failed and refused to provide:

- the dependency case number,

- the court of jurisdiction,

- the date, time, and location of any hearing,

- copies of warrants or orders.

This withholding prevented the undersigned from appearing in court, asserting rights, or seeking immediate judicial review.

Such conduct constitutes a procedural due-process violation and intentional obstruction of access to the courts.

Controlling Authority:

- Ram v. Rubin, supra.

- Bounds v. Smith, 430 U.S. 817 (1977) — meaningful access to the courts is a constitutional right.

- 8 -

VI. DEMAND FOR IMMEDIATE CURE - 72 HOURS

Accordingly, CPS is hereby demanded, within seventy-two (72) hours of service of this Notice, to do one of the following:

OPTION A - IMMEDIATE RETURN

1.   Return the minor children to the undersigned's care immediately, as CPS lacked lawful authority to remove them and no exigent circumstances existed.

OPTION B - EMERGENCY HEARING WITH NOTICE

2.   Schedule and notice an emergency hearing before the proper dependency court, with:

   -   full disclosure of the case number,

   -   copies of all warrants and orders,

   -   and notice and opportunity for the undersigned to be heard on the record as a known caregiver.

Additionally, CPS must:

- 9 -

3. Identify all CPS personnel involved in authorizing removal after caregiver placement was known;

4. Preserve all records, notes, emails, texts, audio, video, and inter-agency communications related to this matter.

This is not a request to evaluate whether the undersigned "qualifies" for placement.

It is a demand to cure an unlawful removal.

Failure to cure within 72 hours will be treated as ratification and relied upon in dependency, administrative, and federal proceedings.

Respectfully noticed,

Pastor Isabel Vela

Known Caregiver / Church Program Director

- 10

# EXHIBIT C

A COPY OF OUR CHURCH TRIBUNAL "PARENTAL CONSENT AND AFFIDAVIT OF TEMPORARY GUARDIANSHIP" This was presented to CWS social workers at the time of the removal of the children. This was also served along with EXHIBIT B to county counsel and CWS with proof of service filed on Friday February 13, 2026.



## PARENTAL CONSENT AND AFFIDAVIT OF TEMPORARY GUARDIANSHIP

*Our Fathers Home Ecclesiastical Tribunal*

### I. DECLARATION

I, **Melinda Bermudez**, being of sound mind and acting voluntarily, hereby consent to place my minor children — **Elijah, Liliana, Ezekiel, Aliana, and Aliyah Bermudez** — into the temporary care, protection, and daily guardianship of **Our Fathers Home**, a faith-based ecclesiastical sanctuary and care division operating under the protection of federal and international religious freedom laws.

This guardianship is made **voluntarily** and **without coercion**, in accordance with my fundamental right as a parent under:

- **Troxel v. Granville**, 530 U.S. 57 (2000);
- **Wisconsin v. Yoder**, 406 U.S. 205 (1972);
- **Religious Freedom Restoration Act (42 U.S.C. §2000bb)**;
- **California Family Code §6550** (Delegation of Care by Parent);
- **Universal Declaration of Human Rights, Article 16(3)**; and
- **ICCPR Article 18(4)** (parental right to guide the moral and religious upbringing of children).

### II. TEMPORARY CARE AUTHORIZATION

I authorize Our Fathers Home to:

1. Provide housing, nourishment, and daily supervision.
2. Make medical or emergency decisions if I am unreachable.
3. Provide religious, emotional, and educational support.
4. Maintain records and communications in the best interest of my children.

This authorization does **not terminate** my parental rights, and I may revoke this delegation at any time through a petition for termination of guardianship filed with the Ecclesiastical Tribunal.



Receiving Institution:
Our Fathers Home – Sanctuary and Care Division
2727 North Grove Industrial Dr., Building 105, Fresno, California

## III. PURPOSE AND SCOPE OF GUARDIANSHIP

1. The Mother, **Melinda Bermudez**, has voluntarily and without coercion placed the above-named minor children into the **temporary guardianship, daily care, and custody of Our Fathers Home** for provision of shelter, nourishment, education, emotional support, and spiritual care.

2. This transfer of care is **temporary** and undertaken in good faith for the safety, stability, and welfare of the children, recognizing the authority of Our Fathers Home to act in loco parentis within the scope of its sanctuary operations.

3. This guardianship **does not terminate parental rights**, but temporarily delegates daily care responsibilities to the designated caretakers appointed by the Tribunal.

4. The Order may be **terminated solely upon written petition by the Mother** to the Ecclesiastical Tribunal of Our Fathers Home.

   o Petitions for termination or modification shall be filed **c/o 2727 North Grove Industrial Dr., Building 105, Fresno, CA 93727**, referencing this Order number.

## IV. LEGAL AND HUMAN RIGHTS BASIS

This Order stands on the following lawful and binding rights:

- **Parental Rights Doctrine:** Parents have the fundamental right to make decisions concerning the care, custody, and control of their children (*Troxel v. Granville*, 530 U.S. 57 (2000)).

- **First Amendment Freedom of Religion:** The Tribunal and Mother act under the protected exercise of faith-based governance (*Wisconsin v. Yoder*, 406 U.S. 205 (1972)).

- **California Family Code §6550:** A parent may authorize another adult or private organization to care for a child temporarily without forfeiting legal custody.

- **International Protections:**

   o *Universal Declaration of Human Rights, Art. 16(3)* affirms that "the family is the natural and fundamental group unit of society and is entitled to protection by society and the State."

   o *ICCPR, Art. 18(4)* guarantees parents' rights to ensure religious and moral education according to their convictions.

This Tribunal's jurisdiction to recognize, document, and enforce this guardianship arrangement arises from these domestic and international standards, which prohibit state interference in matters of religious and familial autonomy absent compelling interest and due process.



## V. TERMS AND CONDITIONS

1. Our Fathers Home shall act as **temporary guardian and custodian** of the above-named minor children for purposes of daily care, education, safety, and moral guidance.

2. The Mother retains full parental rights and may request regular reports on the welfare of her children.

3. The Tribunal retains oversight authority to ensure proper care, recordkeeping, and welfare monitoring consistent with the standards of child protection and parental rights.

4. No third party, agency, or governmental entity shall interfere with this lawful private guardianship absent due process and a showing of immediate harm or neglect.

5. This Order is executed under religious liberty and human rights protections, and any attempt to invalidate it constitutes interference with constitutionally and internationally protected religious exercise.

## VI. DURATION AND TERMINATION

- This guardianship remains in effect until the Mother files a **written petition** to the Ecclesiastical Tribunal requesting its termination.

- Termination shall be effective upon approval and issuance of a **Tribunal Order of Release** signed by the Presiding Elder.

- All communications and petitions must reference this Order and be filed through the official address provided herein.

## VII. CERTIFICATION AND EXECUTION

This Order is entered into the official record of **Our Fathers Home Ecclesiastical Tribunal** and certified under seal as an official declaration of guardianship, binding within ecclesiastical, federal, and international human rights protections.

SIGNED AND ISSUED THIS DAY OF: *October 09,* 2025

BY AUTHORITY OF THE ECCLESIASTICAL TRIBUNAL OF OUR FATHERS HOME

**Presiding Elder & Tribunal Authority**
Our Fathers Home Ecclesiastical Tribunal

**Mother Melinda Bermúdez**





ORDER OF GUARDIANSHIP AND CARE

Issued by: Our Fathers Home Ecclesiastical Tribunal

Reference No.: OFH1351008 10092025

Date of Issuance: 10/09/2025

## I. TRIBUNAL AUTHORITY

This Order of Guardianship and Care is issued by **Our Fathers Home Ecclesiastical Tribunal**, a duly established adjudicatory body operating under the lawful authority of the First Amendment to the United States Constitution, Article I, Section 4 of the California Constitution, and the **Religious Freedom Restoration Act (42 U.S.C. §2000bb)**.

This Tribunal operates within its protected capacity to oversee internal religious, familial, and humanitarian affairs consistent with:

- **Universal Declaration of Human Rights (UDHR), Articles 16 & 18**

- **International Covenant on Civil and Political Rights (ICCPR), Articles 17 & 18**

- **Convention on the Rights of the Child, Articles 3 & 14** (recognized as guiding humanitarian principles)

- **California Family Code §7500 et seq.** (acknowledging natural parental rights and delegation of care)

The Tribunal affirms that it acts in accordance with national and international legal standards protecting religious freedom, parental autonomy, and the welfare of children.

## II. PARTIES TO THIS ORDER

**Mother / Legal Custodian:**
**Name:** Melinda Bermudez
**Status:** Biological Mother and lawful custodian of the minor children listed below.

**Minor Children Covered Under this Order:**

1. **Elijah Bermudez**

2. **Liliana Bermudez**

3. **Ezekiel Bermudez**

4. **Aliana Bermudez**

5. **Aliyah Bermudez**



## III. CONTACT AND TERMINATION CLAUSE

All petitions, notices, or communications regarding this guardianship shall be directed to:
**Our Fathers Home Ecclesiastical Tribunal**
**c/o 2727 North Grove Industrial Dr., Building 105, Fresno, CA 93727**

This guardianship remains active until such time as I petition for its termination in writing to the Tribunal and a corresponding **Order of Release** is issued.

## IV. AFFIRMATION

By signing below, I affirm my understanding of this agreement and that it is executed in full faith, peace, and awareness of my constitutional, natural, and ecclesiastical rights as a parent.

Signature of Parent/Guardian: *M Bermudez*
**Printed Name:** Melinda Bermudez
**Date:** 10-9-2025

**Tribunal Officer:** *Josh Vlat*
**Title:** TRIBUNAL OFFICER
**Date:** 10-9-2025

## LEGAL AND HUMAN RIGHTS NOTICE

This Affidavit and Guardianship Agreement are made under **protected religious exercise** and are therefore legally shielded under:

- **First Amendment, U.S. Constitution**
- **Article I, Section 4, California Constitution**
- **Religious Freedom Restoration Act (RFRA)**
- **International Covenant on Civil and Political Rights (Art. 18)**
- **Universal Declaration of Human Rights (Art. 16 & 18)**

Any interference by civil or government authority absent due process and compelling justification constitutes a violation of these protections and may be actionable under **42 U.S.C. §1983 (civil rights deprivation).**

## NOTICE TO ALL PUBLIC AGENCIES AND AUTHORITIES

This Guardianship Order is issued pursuant to constitutional and international protections of religious liberty, parental authority, and private child care.
Any attempt to interfere, detain, remove, or question the validity of this arrangement without lawful court order and due process may constitute:

- Violation of the **First Amendment**

- Violation of **42 U.S.C. §1983 (Civil Rights Act)**

- Violation of **ICCPR Article 18** and **UDHR Article 16**
  and will be subject to legal and administrative remedy.