# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PASTOR ISABEL VELA,

Plaintiff,

v.

COUNTY OF TULARE,

Defendant.

Case No. 1:26-cv-01279-JLT-SAB

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER, FAILURE TO PROSECUTE, AND FAILURE TO PAY FILING FEE

(ECF No. 2)

**OBJECTIONS DUE WITHIN FOURTEEN DAYS**

**I.**

**BACKGROUND**

Plaintiff Pastor Isabel Vela, proceeding *pro se*, commenced this action on February 13, 2026. (ECF No. 1.) Plaintiff did not pay the filing fee and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) From the application, the Court was unable to determine whether Plaintiff qualified to proceed *in forma pauperis*, and ordered Plaintiff to either pay the filing fee or file a long form application within twenty-one (21) days. (ECF No. 8.) Plaintiff has not paid the filing fee or filed a long form application, and the deadline to do so has now expired.

/ / /

/ / /

II.

DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cty., 216 F.3d 837, 841 (9th Cir. 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff has neither filed a long form application to proceed *in forma pauperis*, paid the filing fee, nor otherwise responded to the Court's order. Plaintiff's failure to comply with the orders of the Court hinders the Court's

ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Malone, 833 at 132-33. The Court's July 14, 2026 order expressly stated: "**If Plaintiff fails to comply with this order, this action shall be dismissed.**" (ECF No. 8) (emphasis added). Thus, Plaintiff had adequate warning that dismissal of this action would result from noncompliance with the Court's order. Moreover, Plaintiff may still file the long form application to proceed *in forma pauperis* during the objection period and the Court will consider the application.

## III.

## RECOMMENDATION

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED without prejudice, for Plaintiff's failure to pay the filing fee or file a long form application to proceed *in forma pauperis* in this action, failure to abide by the Court's order, and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15)**

**pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 12, 2026**

STANLEY A. BOONE
United States Magistrate Judge